ALLIS CHALMERS LEASING SERVICES CORPORATION v
BYRON CENTER STATE BANK

Docket No. 61643. Submitted March 3, 1983, at Grand Rapids.—
Decided October 11, 1983. Leave to appeal applied for.

Allis Chalmers Leasing Services Corporation gave a $114,737
cashier's check made payable to the order of Byron Center
State Bank to Gary W. Deneen, a representative of Breton
Shell, Inc. The check was to pay the amount Breton owed to
Byron Center State Bank for three wreckers. Title to the
wreckers was to be transferred to Allis Chalmers upon the
bank's receipt of the check. Deneen took the check, which
stated on its face that it was for payment for the wreckers,
which Allis Chalmers had agreed to lease back to Breton, to the
bank and gave directions as to how the proceeds were to be
distributed. The proceeds were distributed to several accounts
which Deneen and Breton Shell had with the bank, including
payment of a $16,000 loan to the bank, for which the bank had
a valid security interest in one of the wreckers to be sold to
Allis Chalmers. No vehicle titles were ever transferred to Allis
Chalmers and no lease payments were made to Allis Chalmers
on the vehicles it thought it had purchased. Deneen and Breton
Shell, Inc., subsequently filed for bankruptcy, and Deneen was
convicted of several criminal offenses in federal district court.
Allis Chalmers filed suit against Byron Center State Bank in
Kent Circuit Court for the amount of the cashier's check,
together with a claim for its lost profits. Plaintiff moved for a
partial summary judgment for the amount of the check. The
court, Stuart Hoffius, J., granted partial summary judgment in
favor of plaintiff, awarding it $114,737. Defendant appealed.
*Held:*

1. The trial court did not err in holding that there were no
genuine issues as to any material fact and that plaintiff was
entitled to a partial summary judgment. Defendant failed to
introduce any evidence which would create a material issue of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3, 4] 10 Am Jur 2d, Banks § 539.

fact on which reasonable minds might differ as to plaintiff's entitlement to the amount of the check.

2. Defendant's contention that the trial court erred in granting summary judgment to plaintiff because the transaction was governed by the provisions of the Uniform Commercial Code and that the bank was a holder in due course under the provisions of the UCC is rejected. The bank had adequate notice of the true purpose of the check to preclude its status as a holder in due course.

Affirmed.

1. APPEAL — JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF FACT — COURT RULES.

The test to be utilized in reviewing a grant of summary judgment on the basis that there is no genuine issue as to any material fact is whether, in giving the benefit of any reasonable doubt to the opposing party, it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

2. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF FACT — COURT RULES.

A party opposing a motion for summary judgment brought on the basis that there is no genuine issue as to any material fact must come forward with proofs showing that there is evidence to make an issue on which a material dispute exists; the opposing party may not rely solely upon allegations in the pleadings to resist such a motion (GCR 1963, 117.2[3]).

3. BANKS AND BANKING — PAYMENT — CHECKS.

A check which is drawn to the order of a bank to which the drawer is not indebted authorizes the bank to pay the proceeds only to persons specified by the drawer; the bank takes the risk in treating such a check as payable to bearer and is placed on inquiry as to the authority of the drawer's agent to receive payment.

4. BANKS AND BANKING — PAYMENT — CHECKS — DUTY OF INQUIRY.

A payee bank is put on a duty of inquiry where a check drawn payable to the order of the bank is presented by a third party seeking to negotiate the check for his own benefit.

*Day, Sawdey, Flaggert & Porter* (by *William A. Hubble*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *Terry J. Mroz),* for defendant.

Before: D. E. Holbrook, Jr., P.J., and D. F. Walsh and J. C. Kingsley,* JJ.

Per Curiam. Defendant appeals from a partial summary judgment entered pursuant to GCR 1963, 117.2(3) by which plaintiff was awarded $114,737. The test to be utilized in reviewing such a judgment is whether, in giving the benefit of any reasonable doubt to the opposing party, it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973).

In its second amended complaint, plaintiff alleged that Gary Wayne Deneen, representing Breton Shell, Inc., offered to convey to plaintiff three motor vehicles and then lease the vehicles back from plaintiff. Deneen advised plaintiff's employee that defendant held the titles to, or a security interest in, the vehicles. The purchase price of the vehicles was $114,737, which represented the amount of money allegedly owed to the bank by Breton Shell for said motor vehicles.

Plaintiff further claimed that an assistant cashier and loan officer for defendant confirmed such representations. In his deposition, the bank officer testified that he handled most of the banking transactions involving Deneen and Breton Shell. He also stated that he did not tell representatives of plaintiff that the bank owned the vehicles, but did state it might have a security interest in them because the bank had a security interest in many of Deneen's vehicles. He further testified that he

* Circuit judge, sitting on the Court of Appeals by assignment.

realized that plaintiff was either giving Deneen checks or contemplating giving him checks to purchase vehicles.

Following this conversation with the bank officer, plaintiff's employee gave Deneen a cashier's check for $114,737 payable to the order of Byron Center State Bank naming Allis Chalmers Leasing as remitter. On the face of the check was typed "Payment of invoice for Wreckers Leased to Breton Shell, Inc." That same afternoon, Deneen presented plaintiff's check to the bank officer and gave him directions as to how the proceeds were to be distributed. Accepting those instructions without further inquiry, the bank officer distributed the proceeds of the check among several accounts which Deneen and Breton Shell had with the bank, including the payment of an existing loan of Breton Shell to the bank in the amount of $16,000, for which the bank apparently had a valid security interest in one of the vehicles to be sold.

The bank officer testified that because Deneen was a customer of the bank, he did not question Deneen further with regard to the disposition and applied the proceeds as he directed. No vehicle titles were transferred to plaintiff, and no lease payments were ever made on the vehicles plaintiff thought it had purchased. It appears that Deneen and Breton Shell subsequently filed for bankruptcy, and that Deneen was convicted of several criminal offenses in the United States District Court.

Plaintiff sued defendant for the amount of the cashier's check, together with a claim for its lost profits. The trial judge granted plaintiff's motion for a partial summary judgment for the amount of the check pursuant to Count III of the second amended complaint, which alleged that the bank

was negligent in disbursing the proceeds of the check without the authority of plaintiff to do so. Defendant appeals from the entry of this judgment.

Defendant raises two issues on appeal. The first is that the trial court erred in holding that there were no genuine issues as to any material fact so as to entitle plaintiff to a partial summary judgment. We concur with the trial court. Our review of the record discloses that defendant failed to introduce any evidence which would create a material issue of fact on which reasonable minds would disagree.

Under the provisions of GCR 1963, 117.2(3), a party opposing a motion for summary judgment must come forward with proofs showing that there is evidence to make an issue on which a material dispute exists. An opposing party may not rely solely upon allegations in the pleadings to resist such a motion.

The trial judge, we think properly, applied the following general rule with regard to checks drawn to the order of a bank:

"Where a check is drawn to the order of a bank to which the drawer is not indebted, the bank is authorized to pay the proceeds only to persons specified by the drawer; it takes the risk in treating such a check as payable to bearer and is placed on inquiry as to the authority of the drawer's agent to receive payment." (Footnotes omitted.) 9 CJS, Banks and Banking, § 340, p 683.

See also 10 Am Jur 2d, Banks, § 560, pp 529-530. See, generally, Anno: *Liability of bank which diverts checks or drafts drawn to its order to a use other than that of the drawer,* 82 ALR 1372 (1933).

Defendant claims that the issue of whether

plaintiff clothed Deneen with apparent authority is one that precludes a summary judgment in this matter. We disagree. In addition to the deposition testimony set forth above, plaintiff filed an affidavit of one of its officers indicating that no authority was given Deneen to receive the proceeds of the check or to direct the application of such proceeds. Defendant failed to come forward with proofs contradicting the affidavit or the deposition testimony.

The only fact which supported defendant's claim was Deneen's possession of the cashier's check made payable to defendant. In similar factual circumstances, the Maryland Court of Special Appeals stated that, "for a Bank blindly to treat commercial paper made payable to its order as bearer paper for the sole reason that the drawer and bearer are known to the Bank is 'manifestly unreasonable' ". *Bank of Southern Maryland v Robertson's Crab House, Inc,* 39 Md App 707, 719; 389 A2d 388, 395 (1978). We agree and reject defendant's claim that summary judgment was premature because of factual disputes concerning the information supplied by the bank to plaintiff. Defendant has not provided any proofs upon which it could base its claim of Deneen's apparent authority. We are persuaded that reasonable minds would not differ regarding the lack of such apparent authority.

The second claim of defendant is that the trial court erred in granting summary judgment because the transaction was governed by the provisions of the Uniform Commercial Code and that the bank was a holder in due course under the provisions of §§ 3302 and 3305 thereof. MCL 440.3302, 440.3305; MSA 19.3302, 19.3305. We reject that claim and adopt instead the position of

the California Supreme Court in the case of *Sun 'n Sand, Inc v United California Bank,* 21 Cal 3d 671; 148 Cal Rptr 329; 582 P2d 920 (1978).

In that case, an employee of Sun 'n Sand prepared over a period of time checks payable to the defendant bank for authorized corporate signature, increased the amount payable subsequent to the checks being signed, and presented the altered checks to the bank. Although the defendant was the named payee, it caused or permitted the proceeds of the checks to be deposited in the personal account of the employee pursuant to her instructions. The trial court dismissed the case because the bank, as payee, owed no duty to the plaintiffs which was breached, accepting the defendant's claim that it took the checks free from the plaintiff's common-law cause of action for negligence because it was a holder in due course.

The California Supreme Court reversed that decision, ruling that the plaintiff's allegations that checks drawn to the order of the defendant as payee and negotiated by the plaintiff's employee for her own benefit were sufficient, if true, to establish adequate notice so as to preclude holder in due course status. Under this approach, a payee bank is put on a duty of inquiry where a check, drawn payable to the order of the bank, is presented by a third party seeking to negotiate the check for his own benefit.

"We hold simply that the bank may not ignore the danger signals inherent in such an attempted negotiation. There must be objective indicia from which the bank could reasonably conclude that the party presenting the check is authorized to transact in the manner proposed. In the absence of such indicia the bank pays at its peril. * * * While it may be less difficult for the employer to prevent the issuance of such checks than

for the bank to detect that an indorsement is forged, this is not the relevant comparison when the bank is presented with checks naming it as payee. In the latter circumstance the bank is confronted with an obvious irregularity when the drawer's dishonest employee attempts to negotiate such checks for his own benefit. The bank does not have to be especially vigilant; its agent need only read what appears on the face of the check to be warned that a fraud may be in progress." 21 Cal 3d 695-696; 582 P2d 937.

Applying the above standard to the case at bar, we are persuaded that defendant's officer had reason to know that Deneen's instructions regarding the application of the check proceeds was not in accord with the wishes of plaintiff. The officer testified that he had received two telephone calls in regard to Deneen's credit. A representative of plaintiff had inquired as to whether the bank had title to, or a security interest in, three motor vehicles. On the day Deneen presented plaintiff's cashier's check to defendant, the officer had been informed that plaintiff was giving checks or contemplating giving checks to Deneen for the purchase of certain vehicles. More importantly, a notation on the face of the cashier's check stated: "Payment of invoice for Wreckers Leased to Breton Shell, Inc." These facts constitute objective indicia from which the bank officer could have reasonably concluded that Deneen's instructions were incorrect and unauthorized.

Affirmed. Costs to plaintiff.